

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,145-01

### EX PARTE ISRAEL MAGALLANES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. D-16-2085-CR-W1 IN THE 358TH DISTRICT COURT FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to three years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because it was based on a promise from trial counsel that he would discharge his sentence on December 17, 2018.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294

(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of involuntary plea and ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether a specific number of days of pre-sentence jail time credit was a part of the plea bargain, and if so, exactly how much time was promised to Applicant. The trial court shall make findings of fact as to whether the promise of time credit was an affirmative part of Applicant's plea agreement and, if so, what type of credit the agreement concerned. The trial court shall also make findings of fact as to whether counsel told Applicant his sentence would discharge on December 17, 2018. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 11, 2018
Do not publish